TERTULLIAN VILLA *v.* L. F. JONTE, et al.

Commercial partners are bound *in solido*, and where such a partnership existed, oral testimony will be received to establish it.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Budd & Lambert* for plaintiff. *Reynolds & Davidson* for defendants.

HYMAN, C. J. The plaintiff sued the defendants, *L. F. Jonte* and *Abraham Parker*, as partners of the late commercial firm of *L. F. Jonte & Co.*, for the sum of six hundred and sixty-three dollars and nineteen cents, balance due on open account.

The defendants filed separate answers; both denied the indebtedness, and the partnership as alleged.

The lower court gave judgment in favor of plaintiff against defendants, *in solido*, for the amount sued for, with legal interest from the 6th day of May, 1859, the date of judicial demand.'

From this judgment the defendant, *Parker*, has appealed.

We have examined carefully, the evidence. It establishes that such a partnership existed, as alleged by plaintiff, that defendants were members of that partnership, and that as such, they are indebted, *in solido*, to the plaintiff in the sum claimed by him.

There is no error in the judgment rendered by the lower court.

Judgment affirmed, with costs.

JONES, J., absent.

---

W. H. LETCHFORD, et als. *v.* SHIP GOLDEN EAGLE, et als.

In a contract of affreightment, where the defendants expressly allege and clearly prove that the damage to goods was caused by stress of weather and dangers of the sea, beyond their contol, they will not be held liable.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *E. W. Huntington* for plaintiffs. *Benjamin, Bradford & Finney* for defendants.

JONES, J. The defendants sue the plaintiffs, as common carriers, for damages done to their goods shipped from Havre to the port of New Orleans. The proof shows that the vessel on which the goods were shipped was seaworthy and with a sufficient crew.

It is also shown that the goods were well stowed, but the damage occurred to the goods on the voyage. The contract of affreightment rendered defendants *prima facie* liable, and throws the burden upon them to allege and prove that they are within some exception of law that exonerates them from liability.

Their answer expressly alleges that if any damages occurred to plaintiff's goods during the voyage, it was from stress of weather and the dangers of the seas, for which these defendants are not responsible.

We think that defendants have by clear proof established that whatever injuries were suffered by plaintiffs, occurred by stress of weather and dangers of the sea, without any fault attributable to defendants.

Judgment affirmed.

LABAUVE and HOWELL, J. J., absent.